**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHAFARRAH CLEMONS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-7289** |
| | : | |
| **THE FEDERAL BUREAU** | : | |
| **OF INVESTIGATION, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**SCOTT, J.** **SEPTEMBER 29, 2026**

Plaintiff Chafarrah Clemons, a self-represented litigant, filed this action against the Federal Bureau of Investigation and the "US District Court Clerk House." Clemons seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will dismiss the Complaint.

## I. FACTUAL ALLEGATIONS[1]

The allegations in the Complaint are brief. Clemons asserts that she has been subjected to "illegal targeting V2K and harassment" since 2015 or 2016, which includes "being attacked by Directed Energy Weapons, Lasers, Microwave Weapons, Synthetic Telepathy, Remote Neural Monitoring, Sleep Deprivation, and having voice to skull technology used on [her]." (Compl. at 3, 6.) These "crimes" have caused Clemons mental, physical, and financial harms. (*See id.* at 6.) As relief, Clemons seeks monetary damages and "charges filed against these Bureau and Departments." (*Id.* at 4.)

[1] The allegations set forth in the Memorandum are taken from Clemons's Complaint (*see* ECF No. 2 ("Compl.")), which consists of the court's standard form complaint for self-represented litigants and a type-written supplement. The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

## II. STANDARD OF REVIEW

When a plaintiff files a complaint and a motion to proceed *in forma pauperis*, a district court may take a "flexible approach" and opt to screen the complaint pursuant to 28 U.S.C. § 1915 prior to addressing the *in forma pauperis* motion. *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (*en banc*) ("[A] court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously."). This approach "permits courts to move early to screen complaints in order to conserve judicial resources." *Id.*; *see also Nah v. Carvana Co.*, No. 25-2138, 2025 WL 2952788, at *1 (3d Cir. Oct. 20, 2025) (*per curiam*) (affirming *sua sponte* dismissal of *pro se* complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) where district court screened complaint without determining whether plaintiff was eligible to proceed *in forma pauperis*).

Clemons's *in forma pauperis* application contains all zeros rather than specific financial information. (*See* ECF No. 1.) Although the *in forma pauperis* application is incomplete, in that it fails to clearly explain to the Court how Clemons supports herself, the Court concludes that it would save judicial resources to screen the Complaint pursuant to § 1915(e)(2)(B) at this time rather than to request additional financial information from Clemons.

Because Clemons is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). Nonetheless, § 1915(e)(2)(B) requires the Court to dismiss a Complaint if, among other things, it is frivolous. A complaint is frivolous under § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* A complaint is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d

1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**III. DISCUSSION**

Having reviewed Clemons's submission in its entirety, the Court concludes that the Complaint is predicated on wholly incredible allegations that appear grounded in delusion. Clemons's allegations that the FBI and federal court electronically harassed her "rise to the level of the irrational or the wholly incredible[,]" *Denton*, 504 U.S. at 32, and are appropriately dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because they lack a basis in fact. Federal courts routinely dismiss complaints asserting broad-based conspiracies of surveillance, tracking and the like, as factually frivolous under § 1915 where the allegations are fanciful, fantastical, delusional, irrational, or wholly incredible.[2] *See, e.g.*, *Mina v. Chester County*, 679 F. App'x 192, 195 (3d Cir. 2017) (*per curiam*) (affirming district court's frivolity determination "[g]iven [plaintiff's] efforts to connect his allegations about actions and events over approximately 20 years into a vast conspiracy against him, as well as the outlandish nature of some of his claims (such as the planting of devices on his body and the defendants' revenge for his refusal to participate in the cover-up of the circumstances surrounding the death of an FBI agent's wife)"); *Lewis v. City of Phila. Police*, No. 23-0080, 2023 WL 376009, at *2 (E.D. Pa. Jan. 23, 2023) (dismissing as frivolous under § 1915(e)(2)(B)(i) plaintiff's allegations of "a decades-long conspiracy spanning three states involving hacking and taking over her electronic devices, embarrassing her, and rendering her homeless and jobless all with the purpose of

[2] The Court notes that Clemons has previously filed similar cases in this Court and in the Southern District of Alabama. *See Clemons v. Cohen*, No. 21-3324, 2021 WL 3562887 (E.D. Pa. Aug. 11, 2021); *Clemons v. Cohen*, No. 21-0485, 2022 WL 2032299 (S.D. Ala. Apr. 15, 2022), *report and recommendation adopted*, 2022 WL 1997627 (S.D. Ala. June 6, 2022).

retaliating against her for filing a lawsuit against her former employer"); *In re Sesay*, No. 22-0082, 2022 WL 1104062, at *10-11 (E.D. Pa. Apr. 12, 2022) (finding "allegations of a widespread scheme of surveillance, wiretapping, audio/video recording, harassment, discrimination, stalking, a political sex scandal and a leaked sex tape" were irrational and wholly incredible warranting dismissal as factually frivolous pursuant to § 1915(e)(2)(B)(i)); *Harley v. City of Phila. City Gov't*, No. 21-3680, 2021 WL 4844156, at *2 (E.D. Pa. Oct. 18, 2021) (dismissing as frivolous claims based on "a conspiracy by Defendants to target her with wiring, voices, and electrical activity, and to murder her"); *Jorge v. Torres*, No. 18-14674, 2019 WL 2385942, at *3 (D.N.J. June 6, 2019) ("Plaintiff's factual allegations that the Police are monitoring his every move and that the Police do so by telephone recruitment 'of informants, spies, and willing constituates [sic]' is exactly the type of 'fantastic or delusional scenario[ ]' warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)." (alterations in original)). Accordingly, the Complaint will be dismissed with prejudice pursuant to § 1915(e)(2)(B)(i).

## IV. CONCLUSION

For the foregoing reasons, no leave to amend will be granted, as amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002) ("[D]ismissals of frivolous claims do not require leave to amend due to the long tradition of denying leave to amend . . . when amendment is inequitable or futile."). Additionally, the *in forma pauperis* application will be denied as moot, given the dismissal of the Complaint. *See Brown*, 941 F.3d at 660.

A dismissal Order follows, which shall be docketed separately. *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**

/S/ Kai N. Scott

**KAI N. SCOTT, J.**